23-6724-cr
US v. Andrews

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of The United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of December, two thousand twenty-four.

PRESENT:
        BETH ROBINSON,
        ALISON J. NATHAN,
                *Circuit Judges*,
        VINCENT L. BRICCETTI,[*]
                *District Judge*.

_____

UNITED STATES OF AMERICA,

    *Appellee*,

    v.                                No. 23-6724-cr

CARL ANDREWS, AKA DAY, AKA DASHAWN,

    *Defendant-Appellant*.

_____

---

[*] Judge Vincent L. Briccetti, of the United States District Court for the Southern District of New York, sitting by designation.

| | |
|---|---|
| FOR APPELLANT: | James M. Branden, Law Office of James M. Branden, Staten Island, NY. |
| FOR APPELLEE: | Rushmi Bhaskaran, Elizabeth A. Espinosa, Jacob R. Fiddelman, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Brown, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on June 22, 2023, and corrected on July 5, 2023, is **AFFIRMED**.

After a four-day jury trial, Defendant-Appellant Carl Andrews was convicted of conspiracy to distribute and possess with intent to distribute 28 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). On appeal, Andrews challenges the sufficiency of the evidence supporting the charged drug quantity, the district court's decision not to give a missing witness instruction, and the substantive reasonableness of the sentence. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

I.  **Sufficiency of the Evidence as to Drug Quantity**

We review challenges to the sufficiency of the evidence *de novo*, but the "standard of review is exceedingly deferential" because "[w]e must view the evidence in the light most favorable to the government, crediting every inference that could have been drawn in the government's favor, and deferring to the jury's assessment of witness credibility and its assessment of the weight of the evidence." *United States v. Baker*, 899 F.3d 123, 129 (2d Cir. 2018).[1] "We will sustain the jury's verdict if *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Pierce*, 785 F.3d 832, 838 (2d Cir. 2015).

Andrews contends that the government's evidence is insufficient to show that he conspired to distribute and to possess with intent to distribute 28 grams or more of cocaine base, also known as crack cocaine. We disagree.

"[W]hile quantities of controlled substances in a drug distribution conspiracy prosecution may be determined through extrapolation, approximation, or deduction, there ordinarily must be evidence of known

---

[1] In quotations from caselaw and the parties' briefing, this summary order omits all internal quotation marks, footnotes, and citations, and accepts all alterations, unless otherwise noted.

3

quantities, which are sufficiently representative of the unknown quantities and from which an approximation of the unknown quantities can logically be derived." *United States v. Pauling*, 924 F.3d 649, 657 (2d Cir. 2019). And in a drug conspiracy, "individual defendants are responsible for all reasonably foreseeable quantities of drugs distributed by a conspiracy of which they were members." *United States v. Johnson*, 633 F.3d 116, 118 (2d Cir. 2011).

Here, witnesses testified to facts sufficient to establish at least 28 grams of cocaine base. Andrews's co-conspirator testified that she and Andrews sold cocaine or cocaine base from her home approximately fifty times. Ninety percent of the sales were cocaine base. Most sales were for 0.6 grams, but they ranged from 0.2 grams to 0.6 grams. This testimony supports sales of somewhere between 9 to 27 grams of cocaine base. This witness also testified to additional transactions, including "a lot" of sales in a nearby grocery store parking lot from March 2018 to July 2018, 2.4 grams of sales to a woman in Central Islip, and a couple of sales of 0.2 grams from another house. Three controlled buys of 0.6946 grams of cocaine base, 0.7042 grams of cocaine base, and 0.7645 grams of cocaine base in a grocery store parking lot corroborated her testimony.

Similarly, another witness, who was found at sentencing to be a victim of Andrews's exploitation, testified that Andrews supplied her with 0.5 to 1 gram of cocaine base between 50 to 70 times from March 2018 to May 2018, conservatively totaling 25 grams. She also testified that she sold for Andrews "8 balls," meaning 3.5 grams of a drug, between 20 to 30 times, and that most of these were cocaine base. Even assuming only 50% of those sales were cocaine base, that would establish sales of 35 to 52.5 grams of cocaine base.

This testimony supports the jury's finding that Andrews sold more than 28 grams of cocaine base. To the extent that Andrews challenges the credibility of the witnesses, we are not free on appeal to disregard the jury's credibility determinations. *See Baker*, 899 F.3d at 130.

## II. Missing Witness Instruction

A missing witness instruction "permits the jury to draw an adverse inference against a party failing to call a witness when the witness's testimony would be material and the witness is peculiarly within the control of that party." *United States v. Caccia*, 122 F.3d 136, 138 (2d Cir. 1997).

"We review a district court's refusal to provide a requested missing witness instruction for abuse of discretion and actual prejudice." *United States v.*

5

*Ebbers*, 458 F.3d 110, 124 (2d Cir. 2006). We are "particularly disinclined to second-guess [a district judge's] decisions where . . . a judge refrains from commenting on the inference to be drawn on the facts before the jury and allows counsel instead to argue the inference." *United States v. Gaskin*, 364 F.3d 438, 463 (2d Cir. 2004).

Andrews argues that the district court abused its discretion when it declined to instruct the jury that it could draw an inference adverse to the government based on its failure to call the confidential informant to testify. Andrews suggests the confidential informant could have supplied material information about the three controlled buys, including the amount of money provided and the quantities received in return and any non-verbal communications.

But the district court reasonably concluded that the confidential informant's testimony would be cumulative. The undercover detective and the forensic scientist already testified to these details, and there is no suggestion that the confidential informant would have offered conflicting information.

Moreover, the district court declined to give the government's requested instruction that uncalled witnesses were equally available to both sides and

6

allowed the defense to argue in summation that the government's failure to call the confidential informant supported an adverse inference. *See United States v. Torres*, 845 F.2d 1165, 1171 (2d Cir. 1988).

In short, we see no abuse of discretion here.

### III. Substantive Reasonableness of Andrews's Sentence

When reviewing a district court's sentencing decision for substantive reasonableness, we consider all the statutory sentencing factors in 18 U.S.C. § 3553. *United States v. Verkhoglyad*, 516 F.3d 122, 127 (2d Cir. 2008). Our deference to the district court's assessment "derives from a respect for the distinct institutional advantages that district courts enjoy over their appellate counterparts in making an 'individualized assessment' of sentence under 18 U.S.C. § 3553(a)." *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012) (quoting *Gall v. United States*, 552 U.S. 38, 50–52 (2007)). "We will . . . set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (emphasis in original).

Andrews does not challenge the district court's conclusion that the advisory Guidelines range for his sentence was 78–97 months. Rather, he

challenges each of the district court's stated reasons for its upward variance to an above guidelines term of imprisonment of 115 months. We conclude that the district court's rationale for imposing an above-guidelines sentence was reasonable.

First, we reject Andrews's argument that it was "illogical" for the district court to rely on Andrews's exploitation of the addiction of the woman he trafficked. Appellant's Brief at 22. Andrews notes that many clients are addicted and engage in prostitution to support their addiction. But the district court's assessment was reasonable and individualized. Consistent with the parties' requests, the district court used the powdered cocaine guidelines rather than the guidelines for cocaine base, which dramatically reduced Andrews's Guidelines range from over 188 months to 78 to 97 months. But the district court reasonably concluded that Andrews's "distribution of crack rather than just powdered cocaine played an important role in this situation" because of the way he specifically exploited one individual's addiction to crack to "enable[] the additional criminal conduct in this case." App'x at 172.

Second, the district court's conclusion that Andrews's criminal history calculation did not capture the full range of his 17 adult criminal convictions was

8

reasonable. Though Andrews characterizes these offenses as low level or too old, some were serious, and the district court determined they "indicate[d] a pattern of recidivism and were incurred when the defendant was well past the age of maturity." App'x at 173.

Third, the district court did not punish Andrews for exercising his right to a trial when it concluded that Andrews demonstrated a lack of remorse about his narcotics dealing. In finding that Andrews lacked remorse, the court relied not on Andrews's choice to proceed to trial, but on Andrews's testimony during the sentencing hearing. The court found that, at that hearing, Andrews "unabashedly described his narcotics dealing activities" without "a morsel of remorse or regret." App'x at 173.

Finally, the district court did not err in considering Andrews's conduct in "us[ing] his access to crack cocaine to exploit [the victim's] addiction to further profiteer from prostitution activities." App'x. 177. The district court's factual determinations were supported by evidence at the sentencing hearing, and its consideration of Andrews's *profiteering* from the victim's prostitution activities is not a double-dip vis-à-vis its consideration of his *exploitation* of the victim's addiction.

In addition to considering these aggravating factors, the district court also considered mitigating factors, including Andrews's community support, incarceration during the COVID-19 pandemic, and childhood abuse, and it reduced the sentence accordingly. We cannot conclude that Andrews's above-guidelines sentence of 115 months imprisonment was "shockingly high, shockingly low, or otherwise unsupportable as a matter of law," and accordingly, we affirm. *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009).

* * *

We have considered Andrews's remaining arguments and conclude that they are without merit. For the reasons discussed above, the district court's judgment is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court